IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ARTHUR RAKOWITZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-469-FB |
| | § | |
| **WAYNE PITTMAN, DECEASED; BARBARA** | § | |
| **PITTMAN; and ATTORNEY MR. ROBERT** | § | |
| **WILSON, THE MOHR LAW FIRM,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of United States Magistrate Judge filed in the above styled and numbered cause on July 18, 2025 (docket #14). According to the CM/ECF system, the Report and Recommendation sent by certified mail, return receipt requested, to Plaintiff Arthur Rakowitz was returned with "refused 7-23-2025" handwritten on the envelope along with a yellow label from the U.S. Postal Service with the notations "Return to Sender, Refused, Unable to Forward" (docket #17), and the Report and Recommendation sent by certified mail, return receipt requested, to Defendant Barbara Pittman was received on or before July 28, 2025 (docket #18). The record reflects Defendant The Mohr Law Firm, was served by electronic transmission on July 18, 2025. To date, the docket reflects no objections to the Report and Recommendation have been received.[1]

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

In the Report, United States Magistrate Judge Elizabeth S. Chestney recommends that Defendant's, The Mohr Law Firm PLLC, Motion to Dismiss (docket #13) should be granted such that the claims against the Mohr Law Firm, PLLC be should be dismissed for lack of subject matter jurisdiction and failure to state a claim and the claims against *pro se* Defendant Barbara Pittman should be dismissed for the same reasons. In addition, because none of the other Defendants have been served, dismissing all claims against these two defendants will resolve this case.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Defendant's, The Mohr Law Firm PLLC, Motion to Dismiss (docket #13) shall be GRANTED such that the claims against the Mohr Law Firm, PLLC shall be DISMISSED for lack of subject matter jurisdiction and failure to state a claim, and the claims against *pro se* Defendant Barbara Pittman shall be DISMISSED for lack of subject matter jurisdiction and failure to state a claim. Because none of the other Defendants have been served, the dismissal of all claims against these two defendants will resolve this case.

Accordingly, it is hereby ORDERED that the Report and Recommendation of the United States Magistrate Judge filed in this cause on July 18, 2025 (docket #14), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendant's, The Mohr Law Firm PLLC, Motion to Dismiss (docket #13) is GRANTED such that the claims against the Mohr Law Firm, PLLC are DISMISSED for lack of subject matter jurisdiction and failure to state a claim, and the claims against *pro se* Defendant Barbara Pittman are DISMISSED for lack of subject matter jurisdiction and failure to state a claim. Because

none of the other Defendants have been served, the dismissal of all claims against these two defendants resolves this case which is hereby DISMISSED WITH PREJUDICE. Motions pending, if any, are also DISMISSED, and this case is CLOSED.

    It is so ORDERED.

    SIGNED this 31st day of August, 2025.

                                               _____
                                               FRED BIERY
                                               UNITED STATES DISTRICT JUDGE