IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ARTHUR RAKOWITZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. SA-25-CV-469-FB** |
| | § | |
| **WAYNE PITTMAN, DECEASED; BARBARA PITTMAN; and ATTORNEY MR. ROBERT WILSON, THE MOHR LAW FIRM,** | § § § | |
| | § | |
| **Defendants.** | § | |

**ORDER GRANTING MOTION FOR RECONSIDERATION AND AFFIRMING ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND JUDGMENT**

Before the Court are Plaintiff's Motion for Reconsideration Hearing with Complaint for Violation of Civil Rights (ECF No. 22) and Leave of Court for Plaintiff to File Responses (ECF No. 23). From a review of both filings, it appears Plaintiff is asking the Court to reconsider the Order Accepting Report and Recommendation of United States Magistrate Judge and Judgment filed in the above styled and numbered cause on July 18, 2025 (ECF Numbers 14 and 15), because both were filed during the time that Plaintiff was unavailable based on the Notice of Unavailability he filed on June 9, 2025, stating he would be unavailable until September 2, 2025, or until further notice due to "post operative and rehabilitation of preexist[ing] medical condition." (ECF No. 11 at page 1). It also appears the document titled Leave of Court for Plaintiff to File Responses contains Plaintiff's objections to the Report and Recommendation and Judgment. The Court finds the Motion for Reconsideration has merit and will be granted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration Hearing with Complaint (ECF No. 22) is GRANTED such that Plaintiff's Responses (ECF No. 23) will be considered as objections to the Report and Recommendation and Judgment.

Before the Court for reconsideration are the Report and Recommendation of United States Magistrate Judge (ECF No. 14) and Plaintiff's Objections contained in Leave of Court for Plaintiff to File Responses (ECF No. 23).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand as is the case here, any Report or Recommendation to which there are objections requires *de novo* review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, United States Magistrate Judge Elizabeth S. Chestney recommends that Defendant's, The Mohr Law Firm PLLC, Motion to Dismiss (ECF No. 13) should be granted such that the claims against the Mohr Law Firm, PLLC be should be dismissed for lack of subject matter jurisdiction and failure to state a claim and the claims against *pro se* Defendant Barbara Pittman should be dismissed for the same reasons. This recommendation is based on the following analysis:

> Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim. Plaintiff's Complaint does not plead diversity jurisdiction and indicates that he and all Defendants reside in Texas. (Compl. [#1], at 2.) Accordingly, even if the Court could construe Plaintiff's Complaint as attempting to plead state-law causes of action, his Complaint has not established there is diversity jurisdiction among the parties.
>
> Additionally, Plaintiff expressly pleads federal-question jurisdiction. (*Id*. at 3.) The only federal statute referenced in Plaintiff's Complaint is 42 U.S.C. § 1983. (*Id*.) Plaintiff alleges violations of his civil and constitutional rights and references his right

> to due process and equal protection. (*Id*. at 17–18.) Yet a plaintiff only has a cause of action under Section 1983 if he alleges that he has been deprived of a right secured by the Constitution by one acting under color of state law. All three Defendants named in this lawsuit are private, not state, actors.
>
> Plaintiff fails to state a claim under Section 1983 that could give rise to this Court's federal-question jurisdiction. Section 1983 does not reach purely private conduct. *Doe v. United States*, 831 F.3d 309, 314 (2016). Plaintiff's Complaint fails to allege that Defendants are or were state actors or were engaged in state action by taking certain positions in a prior state-court lawsuit. Nor has Plaintiff alleged that Defendants conspired with or acted in concert with state actors to deprive him of a constitutional right. *See Priester v. Lowndes Ctny*., 354 F.3d 414, 420 (5th Cir. 2004) (requiring plaintiff to allege agreement between private and public actors to commit an illegal act and deprivation of constitutional rights).
>
> Moreover, this Court generally lacks jurisdiction to entertain a collateral attack on a state court judgment. *Liedtke v. State Bar of Tex*., 18 F.3d 315, 317 (5th Cir. 1994) (explaining that *Rooker-Feldman* doctrine deprives federal courts of jurisdiction over cases brought by parties attempting to attack adverse state-court judgments). Plaintiff's Complaint appears to be identifying errors in his state-court case and asking this Court to serve as the appellate court engaged in error correction. This Court is not permitted to order the relief Plaintiff seeks through this suit—an order directing a state court to entertain Plaintiff's motion for a new trial. Accordingly, this Court lacks jurisdiction under *Rooker-Feldman* as well.

Report, ECF No. 14 at pages 4-5.

The Court has reviewed the Plaintiff's Objections and has conducted a de novo review of those issues properly raised in the objections which are not frivolous, conclusive, or general in nature. The Court finds, after careful consideration of the record and the Report and Recommendation, that Plaintiff cannot overcome the previous finding that this Court lacks subject matter jurisdiction over his asserted claims and that his 42 U.S.C. § 1983 claims against any of the named Defendants, including Mr. Robert Wilson, fail. Plaintiff's complaint lacks any allegations that Defendants are or were state actors or were engaged in state action by taking certain positions in a prior state-court lawsuit or that Defendants conspired with or acted in concert with state actors to deprive him of a constitutional right. Accordingly, his objections are without merit and are overruled. Therefore, the acceptance of the Report and Recommendation remains as originally issued.

Accordingly, it is hereby ORDERED that the Order Accepting Report and Recommendation of the United States Magistrate Judge filed in this case on August 31, 2025 (ECF No. 19) and Judgment of even date (ECF No. 20) are AFFIRMED and will remain as filed.

It is so ORDERED.

SIGNED this 30th day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE